IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD NEWELL,

                OPINION AND ORDER

      Plaintiff,

                  15-cv-617-bbc

 v.

CITY OF CHIPPEWA FALLS,
CHIPPEWA COUNTY and STATE OF WISCONSIN,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Pro prisoner Donald Newell has filed a complaint in which he challenges the constitutionality of a city ordinance that limits the movement of persons convicted of particular sex crimes. In particular, the ordinance prohibits the convicted person of "be[ing] physically present" in or "loiter[ing]" near certain public parks, pools, trails and day care centers. Cpt, exh. A, dkt. #1. Plaintiff does not say in his complaint whether the ordinance applies to him, but I know from previous petitions plaintiff filed under 28 U.S.C. § 2254 that he was convicted of ten counts of sexual assault of a mentally ill person, e.g., Newell v. Wisconsin, No. 09-cv-76-bbc (W.D. Wis.), so it is reasonable to assume that it does.

   Plaintiff has made an initial partial payment of the filing fee as required by 28 U.S.C. § 1915(b)(1), so the complaint is ready for screening under 28 U.S.C. § 1915A. However, I am staying a decision on whether plaintiff's complaint states a claim upon which relief may be granted because plaintiff's claim may not be ripe for review.

1

Obviously, plaintiff does not have to worry about violating the ordinance while he is incarcerated. Although plaintiff says that his release date was in October 2015, dkt. #5, he is still at the Chippewa County jail. Dkt. #8. In documents filed by plaintiff in his other case, Newell v. Rumphol, No. 15-cv-616-bbc (W.D. Wis.), dkt. ##11 and 12, plaintiff says that state officials are trying to keep him confined because they believe he is dangerous and that a hearing is scheduled for December 21, 2015 to determine whether he should remain in custody. Even if plaintiff is released in December, he does not identify any particular prohibited spaces that he wishes to visit.

A plaintiff challenging a law must show that the law will harm him in the near future. Clapper v. Amnesty International USA, 133 S. Ct. 1138, 1147 (2013) ("[W]e have repeatedly reiterated that threatened injury must be certainly impending to constitute injury in fact and that allegations of possible future injury are not sufficient [to demonstrate standing.]") (internal quotations and alterations omitted); Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). Further, the plaintiff must allege that he wishes to engage in specific conduct that is prohibited by the law. Babbitt v. United Farm Workers National Union, 442 U.S. 289 (1979) (plaintiff challenging statute before enforcement establishes standing by "alleg[ing] an intention to engage in a course of conduct. . . proscribed by a statute").

Because it is not clear whether plaintiff is going to be released soon and he does not identify anything in particular that he wants to do that is prohibited by the ordinance, I

2

cannot consider the merits of his complaint at this time. Instead, I will defer screening the merits of plaintiff's complaint until his hearing is held in December.

If plaintiff learns at the hearing that he will not be released in the near future, he may notify the court of that fact. If plaintiff learns at the hearing that he will be released soon and he wishes to continue with this lawsuit, he must file an amended complaint that includes all the following information: (1) the date that he believes he will be released; (2) the reason he believes that the ordinance applies to him; (3) the specific conduct that he wants to engage in that is prohibited by the ordinance; and (4) the reasons he believes that the county and the state may be held liable. In addition, plaintiff may wish to identify which rights he believes the ordinance violates. If plaintiff notifies the court that he will not be released soon or if he does not file an amended complaint after the hearing, I will dismiss the case as unripe and allow plaintiff to refile the case when he is released.

ORDER

IT IS ORDERED that

1. This case is STAYED until December 21, 2015.

2. After December 21, 2015 and no later than January 4, 2016, plaintiff may either (a) notify the court that he is not going to be released in the near future; or (b) file an amended complaint that includes the information described in this order.

3. If plaintiff notifies the court that he will not be released soon or if he does not file an amended complaint by January 4, 2016, I will dismiss the case as unripe and allow

plaintiff to refile the case when he is released.

    Entered this 10th day of November, 2015.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge